U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 DEC 19 PM 4:14

CLERK

BY ⟨signature⟩
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| REIN KOLTS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>STATE OF VERMONT, )<br>)<br>Respondent. ) | Case No. 2:25-cv-434 |

# OPINION AND ORDER
## ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, FINDING PETITION FOR WRIT OF HABEAS CORPUS SECOND OR SUCCESSIVE, AND TRANSFERRING PETITION TO SECOND CIRCUIT COURT OF APPEALS
(Docs. 4 & 10)

This matter came before the court for a review of the Magistrate Judge's November 17, 2025 Report and Recommendation ("R & R") (Doc. 10), in which the Magistrate Judge recommended that the court find the petition for a writ of habeas corpus (Doc. 4) filed by Petitioner Rein Kolts second or successive and transfer it to the Second Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3). No party has filed an objection to the R & R, and the time period to do so has expired.

Petitioner is self-represented. Respondent State of Vermont is represented by Assistant Attorney General Patrick T. Gaudet.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal

conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his twelve-page R & R, the Magistrate Judge carefully reviewed the factual allegations, procedural history, and requests for relief set forth in the § 2254 petition. In light of the court's dismissal of Petitioner's initial and amended § 2254 petitions in Case No. 2:21-cv-221 challenging his 2017 conviction, the Magistrate Judge correctly recommended the court find that the current petition is second or successive and transfer it to the Second Circuit. *See Rivers v. Guerrero*, 605 U.S. 443, 446-47 (2025) ("[I]n general, once the district court has entered its judgment with respect to the first habeas petition, a second-in-time application qualifies as 'second or successive' and is thus properly subject to the requirements of § 2244(b)."). The court agrees with these well-reasoned conclusions and adopts them in full.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 10) as the court's Opinion and Order and TRANSFERS the petition for a writ of habeas corpus (Doc. 4) to the Second Circuit Court of Appeals.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 19th day of December, 2025.

Christina Reiss, Chief Judge
United States District Court